[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 549.]

CUYAHOGA COUNTY BAR ASSOCIATION *v.* VITULLO.

[Cite as *Cuyahoga Cty. Bar Assn. v. Vitullo*, 1999-Ohio-121.]

*Attorneys at law—Misconduct—Indefinite suspension—Pattern of misconduct and misappropriation of client funds—Failing to cooperate in disciplinary investigation—Failing to register with Clerk of Supreme Court of Ohio—Failing to notify Attorney Registration Office of current residence and office addresses.*

(No. 99-806—Submitted June 9, 1999—Decided September 8, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-29.

_____

{¶ 1} In December 1996, John and Mary Ann Pietrzak retained respondent, John W. Vitullo of Cleveland, Ohio, Attorney Registration No. 0046683, to represent their son Mark, who was injured while operating a motor vehicle owned by his employer, John Brown. Respondent represented Brown in another matter. Both respondent and Brown had informed Mrs. Pietrzak that respondent had to handle their case or "there would be no case." Before the Pietrzaks retained respondent, respondent discussed the case with them and Brown, although the potential existed that pursuit of the claim for Mark Pietrzak could have included an action against Brown. After the Pietrzaks retained respondent, he failed to respond to the Pietrzaks' attempts to contact him about the status of their son's claim, and the Pietrzaks discharged respondent and retained another attorney. Respondent ignored the new attorney's requests to return the Pietrzaks' file.

{¶ 2} In February 1994, Lynell Davis retained respondent to represent her in a personal injury matter. Under his employment contract, respondent agreed to retain costs of medical treatments for Davis and remit them to her medical

providers. Respondent and Davis later executed a lien agreement under which respondent was to pay a $1,817.50 medical bill to Dr. Roger Hart. Following a settlement of Davis's personal injury claim, respondent withheld money to pay Dr. Hart, but never paid him.

**{¶ 3}** In June 1994, Ted Turner retained respondent to represent him in a domestic relations matter. When Turner became dissatisfied with respondent's representation, he discharged him and requested that respondent return his records. Respondent did not return the records.

**{¶ 4}** David Griffin retained respondent to represent him in a domestic violence matter. Before the hearing, respondent did not conduct any discovery and did not adequately prepare for trial. Because of respondent's neglect, Griffin was convicted, and respondent failed to attend his sentencing hearing.

**{¶ 5}** On August 25, 1998, relator, Cuyahoga County Bar Association, filed an amended complaint charging respondent with violating several Disciplinary Rules, failing to maintain his status as an attorney in good standing, and failing to properly notify the Attorney Registration Office of his correct address. After respondent failed to file an answer, the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on relator's motion for default judgment.

**{¶ 6}** The panel found the facts as previously set forth and concluded that respondent's conduct in the Pietrzak matter violated DR 6-101(A)(3) (neglecting an entrusted legal matter), 7-104(A)(2) (giving advice to an unrepresented person, other than advice to secure counsel, if person's interests have a reasonable possibility of being in conflict with client's interests), and 9-102(B)(4) (failing upon request to promptly deliver property to client which client is entitled to receive). The panel concluded that respondent's conduct in the Davis matter violated DR 1-102(A)(4) (engaging in conduct including dishonesty and deceit), 1-102(A)(6) (engaging in conduct adversely reflecting on lawyer's fitness to practice law), 7-

2

101(A)(2) (failing to carry out an employment contract), 7-101(A)(3) (damaging a client during course of professional relationship), and 9-102(B)(4). The panel concluded that respondent's conduct in the Turner matter violated DR 9-102(B)(4) and that his conduct in the Griffin matter violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 7-101(A)(2), and 7-101(A)(3). The panel further concluded that respondent violated Gov.Bar R. VI(1)(A) (failing to register) and VI(1)(D) (failing to notify Attorney Registration Office of current residence and office addresses).

{¶ 7} The panel found no mitigating evidence, instead noting that respondent had failed to cooperate with the investigation and lied to an investigator about his registration status. The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

————————————

*Michael M. Courtney* and *Thomas E. Kocovsky*, for relator.

————————————

***Per Curiam.***

{¶ 8} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

————————————

**COOK, J., dissenting.**

{¶ 9} Given respondent's pattern of misconduct and misappropriation of client funds and property, and the lack of mitigating evidence, I would permanently

disbar respondent from the practice of law in Ohio.

_____